# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: R.C. and T.S.**

**No. 13-0942** (Clay County 12-JA-28 and 12-JA-29)

**FILED**

June 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Christopher Moffatt, appeals the Circuit Court of Clay County's August 12, 2013, order which permanently placed R.C. and T.S. with their biological fathers.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Walters, filed its response in support of the circuit court's order. The guardian ad litem, Michael Asbury Jr., filed a response on behalf of R.C. that supports the circuit court's order. J.C., by counsel Kevin Hughart, also filed a response on behalf of R.C. in support of the circuit court's order.[2] On appeal, petitioner alleges that the circuit court erred in permanently placing R.C. with J.C. because there was insufficient evidence to support the circuit court's ruling and the DHHR failed to follow the Rules of Procedure for Child Abuse and Neglect Proceedings. Petitioner also alleges that the circuit court erred in granting her an additional six-month post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2012, the DHHR filed an abuse and neglect petition against Petitioner Mother. The petition alleged that she had failed to protect her children and had engaged in domestic violence in the presence of R.C. The circuit court held a preliminary hearing during which Petitioner Mother waived her rights. By order entered on March 27, 2012, the circuit court granted Petitioner Mother two hours of supervised visitation twice a week. Further, Petitioner Mother was ordered to remain free of drugs and alcohol, submit to random alcohol and/or drug tests, participate in parenting and adult life skills classes, submit to a psychological/psychiatric evaluation, and to attend domestic violence and anger management counseling.

---

[1]Petitioner Mother does not contest the permanent placement of T.S. with her biological father. Accordingly, this memorandum decision does not affect that child's permanency.

[2]J.C. is R.C.'s biological father.

1

During the adjudicatory hearing, Petitioner Mother stipulated that she was an abusive and neglectful parent based on a history of domestic violence with J.C., R.C.'s biological father, since 2010. The circuit court granted Petitioner Mother a six-month post-adjudicatory improvement period with the same terms and conditions as stated in March 27, 2012, order. Thereafter, the circuit court held periodic review hearings.

Following a review hearing in June of 2012, the circuit court directed the DHHR to conduct a walk-through of Petitioner Mother's residence. The circuit court held another review hearing on September 6, 2012, during which the circuit court heard proffers by counsel that while Petitioner Mother complied with certain aspects of her improvement period, her mental stability was still a concern. By order entered on October 11, 2012, the circuit court directed the DHHR to conduct a walk-through of J.C.'s house and found that permanency had been achieved by placing R.C. with him. Additionally, the circuit court directed Petitioner Mother to submit to a psychological exam.

The circuit court held another review hearing on October 18, 2012. During the hearing, Child Protective Services ("CPS") worker, Tabatha Thompson testified that while Petitioner Mother complied with parts of her improvement period, there were additional concerns. Specifically, Ms. Thompson testified that Petitioner Mother had an abnormal drug screen. Further, Ms. Thompson voiced concerns that Petitioner Mother was "going to nightclubs and drinking alcohol" in violation of the terms and conditions of her improvement period. The circuit court heard additional evidence that Petitioner Mother did not participate in weekly psychotherapy or attend a domestic violence class for perpetrators. After considering the testimony and the arguments of counsel, the circuit court granted Petitioner Mother a three-month extension of her post-adjudicatory improvement period and scheduled a dispositional hearing.

In December of 2012, the circuit court held a dispositional hearing. CPS worker Carol Brown testified that Petitioner Mother did not attend individualized parenting and adult life skills classes in October or November and missed two scheduled visitations with R.C. Ms. Thompson further testified that Petitioner Mother did not attend a domestic violence class. After considering the testimony and the arguments of counsel, the circuit court granted Petitioner Mother a six-month "post-adjudicatory" improvement period. The terms and conditions of this improvement period were substantially similar to Petitioner Mother's prior post-adjudicatory improvement periods.

On July 11, 2013, the circuit court held a review hearing during which the parties proffered that while Petitioner Mother had substantially complied with certain terms of her improvement period, she continued not to exercise all of her visitation rights. During the hearing, Petitioner Mother's counsel moved for visitation with R.C. The DHHR's counsel recommended that Petitioner Mother receive "Schedule A" type visitation, and that the matter be dismissed. By order entered on August 12, 2013, the circuit court permanently placed R.C. with her father and granted Petitioner Mother "Schedule A" visitation.[3] It is from this order that Petitioner Mother now appeals.

---

[3]"Schedule A" granted Petitioner Mother visitation every other weekend, alternating holidays, and two weeks during the summer months.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Mother raises three assignments of error. First, Petitioner Mother argues that the circuit court erred in permanently placing R.C. with her father when the DHHR failed to follow the Rules of Procedure for Child Abuse and Neglect Proceedings. Second, Petitioner Mother argues that there was an insufficient record below to justify permanently placing R.C. with her father. Because these assignments of error are significantly related, the Court will address them together. Following the DHHR's recommendation that Petitioner Mother be awarded "Schedule A" visitation, the circuit court specifically asked Petitioner Mother's counsel Petitioner Mother's position regarding the DHHR's recommendation. The record reflects that Petitioner Mother's counsel knowingly and intentionally agreed to the "Schedule A" visitation and waived any objection to the circuit court's ruling when Petitioner Mother's counsel stated, "[m]y client has no objection to that, Your Honor." Petitioner Mother did not object and, therefore, waived these issues. "The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace." *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996).

Finally, as to Petitioner Mother's argument that the circuit court "erred by ordering a six month post adjudicatory improvement period subsequent to a prior six month post adjudicatory improvement period and three month extension," the Court finds no merit to this argument. By order entered on October 11, 2012, the circuit court set Petitioner Mother's dispositional hearing for December 18, 2012. It is undisputed that the circuit court's dispositional order entered on January 2, 2013, granted Petitioner Mother a "six month Post Adjudicatory Improvement." However, a review of the dispositional hearing transcript clearly shows that the circuit court granted Petitioner Mother a "six-month dispositional improvement period." Importantly, the circuit court granted Petitioner Mother's improvement period during her dispositional hearing and West Virginia Code § 49-6-12(c) gives circuit courts the discretion to grant a six-month improvement period as a disposition. For these reasons the Court finds no error in the circuit court's decision to grant Petitioner Mother a six-month dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its August 12, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: June 2, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II